IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLARENCE DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER BIEL #246, and the Village of FOREST PARK,<br><br>    Defendants. | Judge Nordberg<br><br>Magistrate Judge Keys<br><br>No. 08-cv-344 |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES the PLAINTIFF, by and through the LAW OFFICES OF BLAKE HORWITZ, LTD., and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit OFFICER BIEHL #246 (hereinafter "DEFENDANT OFFICER"), and the Village of FOREST PARK (hereinafter "FOREST PARK").

### JURISDICTION

1.   The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

### PARTIES

2.   PLAINTIFF is a resident of the State of Illinois and of the United States.

3.   DEFENDANT OFFICER was at all times relevant hereto employed by and acting on behalf of FOREST PARK.

4.   FOREST PARK is a duly incorporated municipal corporation and is the employer and principal of DEFENDANT OFFICER as well as the other officers and/or employees referred to in

1

this Complaint.  At all times material to this complaint, DEFENDANT OFFICER was acting under color of state law, ordinance and/or regulation, statutes, custom and usages of FOREST PARK.

## FACTS

5.  On or about November 2, 2006, DEFENDANT OFFICER was engaged in an unreasonable seizure of the PLAINTIFF.  This conduct violated the Fourth Amendment to the United States Constitution.

6.  On or about November 2, 2006, DEFENDANT OFFICER tased PLAINTIFF five times.

7.  After DEFENDANT OFFICER tased PLAINTIFF, PLAINTIFF defecated on himself.

8.  The show of force initiated by and/or the failure to intervene in the use of said force by DEFENDANT OFFICER caused an unreasonable seizure to the PLAINTIFF.

9.  On or about November 2, 2006, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault DEFENDANT OFFICER.

10.  DEFENDANT OFFICER charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that DEFENDANT OFFICER failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort.  DEFENDANT OFFICER did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

11.  On or about November 2, 2006, PLAINTIFF was charged with resisting arrest.

12.  On or about November 2, 2006, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

13.  On January 11, 2008, PLAINTIFF received a not guilty verdict for the charge of resisting arrest.

14. As a direct and proximate result of one or more of the aforesaid acts or omissions of DEFENDANT OFFICER, PLAINTIFF was caused to suffer damages.

15. On or about November 2, 2006, DEFENDANT OFFICER was on duty at all times relevant to this complaint and was a duly appointed police officer for FOREST PARK. DEFENDANT OFFICER engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of DEFENDANT OFFICER.

16. Upon information and belief, OFFICER BIEHL #246, on November 2, 2006, came into physical contact with PLAINTIFF.

## EQUAL PROTECTION

17. The actions of DEFENDANT OFFICER, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFF, demonstrate that DEFENDANT OFFICER failed in his duty to enforce the laws equally and fairly towards the PLAINTIFF, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

18. With regard to an Equal Protection Claim, PLAINTIFF was a "Class of One." In that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational basis. PLAINTIFF was intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to DEFENDANT OFFICER. DEFENDANT OFFICER acted with discriminatory intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by generating false evidence against PLAINTIFF. Further, PLAINTIFF was similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against Police Officers.

## COUNT I
### §1983 Excessive Force

19. PLAINTIFF re-alleges paragraphs 1 – 18 as though fully set forth herein.

20. The actions, and/or the failure to intervene in the actions, of DEFENDANT OFFICER amounted to an excessive use of force onto PLAINTIFF. This conduct violates the Fourth Amendment of the United States Constitution.

21. The aforementioned actions of DEFENDANT OFFICER were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from DEFENDANT OFFICER. PLAINTIFF also demands punitive damages, costs and attorney's fees against DEFENDANT OFFICER. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT II
### §1983 False Arrest

22. PLAINTIFF re-alleges paragraphs 1 – 18 as though fully set forth herein.

23. The actions of DEFENDANT OFFICER caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. Therefore, the conduct of DEFENDANT OFFICER was in violation of the Fourth Amendment to the United States Constitution.

24. The aforementioned actions of DEFENDANT OFFICER were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from DEFENDANT OFFICER. PLAINTIFF also demands punitive damages, costs and attorney's fees against

DEFENDANT OFFICER.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

### COUNT III
### Malicious Prosecution – State Claim

25. PLAINTIFF re-alleges paragraphs 1 – 18 as though fully set forth herein.

26. DEFENDANT OFFICER alleged that PLAINTIFF violated the laws of the State of Illinois.  These allegations commenced or continued a criminal proceeding against PLAINTIFF.

27. DEFENDANT OFFICER engaged in this effort without probable cause.

28. The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

29. The underlying criminal charges were resolved in a manner indicative of innocence.

30. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from DEFENDANT OFFICER.  PLAINTIFF also demands punitive damages, costs and attorney's fees against DEFENDANT OFFICER.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

### COUNT IV
### § 1983 Equal Protection – Class of One

31. PLAINTIFF re-alleges paragraphs 1 – 18 as though fully set forth herein.

32. The actions of DEFENDANT OFFICER violated the Equal Protection clause to the United States Constitution.

33. The aforementioned actions of said OFFICER were the direct and proximate cause of the constitutional violations set forth above.

5

WHEREFORE, PLAINTIFF demands compensatory damages from DEFENDANT OFFICER. PLAINTIFF also demands punitive damages, costs and attorney's fees against DEFENDANT OFFICER. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT V
## 745 ILCS 10/9-102 Claim Against the VILLAGE OF FOREST PARK

34. PLAINTIFF re-alleges paragraphs 1 – 18 as though fully set forth herein.

35. Defendant FOREST PARK is the employer of DEFENDANT OFFICER alleged above.

36. DEFENDANT OFFICER, as alleged above, committed the acts under color of law and in the scope of employment of FOREST PARK.

WHEREFORE, should DEFENDANT OFFICER be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, FOREST PARK pay PLAINTIFF any judgment obtained against DEFENDANT OFFICER as a result of this complaint.

## COUNT VI
## Supplementary Claim for *Respondeat Superior*

37. PLAINTIFF re-alleges paragraphs 1 – 18 as though fully set forth herein.

38. The aforesaid acts of DEFENDANT OFFICER were in the scope of employment and therefore FOREST PARK, as principal, is liable for the actions of its agent under the doctrine of *respondeat superior*.

WHEREFORE should DEFENDANT OFFICER be found liable for any state claims alleged herein, Plaintiff demands judgment against FOREST PARK and such other additional relief, as this Court deems equitable and just.

**Plaintiff demands trial by jury.**

                              Respectfully submitted,


                              s/Blake Horwitz_____
                              Attorney for the Plaintiff
                              Blake Horwitz


**THE LAW OFFICES OF BLAKE HORWITZ, LTD.**
155 N. Michigan Ave., Suite 723
Chicago, IL  60601
(312) 616-4433
(312) 565-7173 (Fax)