IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLARENCE DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 08 C 344 |
| | ) | |
| v. | ) | Judge Nordberg |
| | ) | |
| OFFICER BIEHL #246, and the VILLAGE OF FOREST PARK, | ) ) | Magistrate Judge Keys |
| | ) | |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

Defendants, Officer Robert Biel (herein sued as "Officer Biehl") and the Village of Forest Park, by their attorneys, Gregory E. Rogus and Segal McCambridge Singer & Mahoney, Ltd., for their answer and affirmative defenses to plaintiff's first amended complaint, state as follows:

### JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**ANSWER:** Defendants admit that jurisdiction is proper in this Court.

### PARTIES

2. PLAINTIFF is a resident of the State of Illinois and of the United States.

**ANSWER:** Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 2, and therefore deny the same.

3. DEFENDANT OFFICER was at all times relevant hereto employed by and acting on behalf of FOREST PARK.

**ANSWER:** Defendants admit the allegations of Paragraph 3.

4.    FOREST PARK is a duly incorporated municipal corporation and is the employer and principal of DEFENDANT OFFICER as well as the other officers and/or employees referred to in this Complaint. At all times material to this complaint, DEFENDANT OFFICER was acting under color of state law, ordinance and/or regulation, statutes, custom and usages of FOREST PARK.

**ANSWER:**   Defendants admit the allegations of Paragraph 4.

## FACTS

5.    On or about November 2, 2006, DEFENDANT OFFICER was engaged in an unreasonable seizure of the PLAINTIFF. This conduct violated the Fourth Amendment to the United States Constitution.

**ANSWER:**   Defendants deny the allegations of Paragraph 5.

6.    On or about November 2, 2006, DEFENDANT OFFICER tased PLAINTIFF five times.

**ANSWER:**   Defendants admit the allegations of Paragraph 6.

7.    After DEFENDANT OFFICER tased PLAINTIFF, PLAINTIFF defecated on himself.

**ANSWER:**   Defendants admit that Plaintiff defecated later while at the police station, but deny that Plaintiff defecated on himself as a result of or in connection with Defendant Biel using his Taser on Plaintiff.

8.    The show of force initiated by and/or the failure to intervene in the use of said force by DEFENDANT OFFICER caused an unreasonable seizure to the PLAINTIFF.

**ANSWER:**   Defendants deny the allegations of Paragraph 8.

9.    On or about November 2, 2006, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault DEFENDANT OFFICER.

**ANSWER:**   Defendants deny the allegations of Paragraph 9.

10.   DEFENDANT OFFICER charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that DEFENDANT OFFICER failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. DEFENDANT OFFICER did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

**ANSWER:** Defendants deny the allegations of Paragraph 10.

    11. On or about November 2, 2006, PLAINTIFF was charged with resisting arrest.

**ANSWER:** Defendants admit the allegations of Paragraph 11.

    12. On or about November 2, 2006, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

**ANSWER:** Defendants deny the allegations of Paragraph 12.

    13. On January 11, 2008, PLAINTIFF received a not guilty verdict for the charge of resisting arrest.

**ANSWER:** Defendants admit the allegations of Paragraph 13.

    14. As a direct and proximate result of one or more of the aforesaid acts or omissions of DEFENDANT OFFICER, PLAINTIFF was caused to suffer damages.

**ANSWER:** Defendants deny any unconstitutional or otherwise wrongful act or omission at the time and place alleged, deny that any act or omission on their part proximately caused damage to the Plaintiff and deny that Plaintiff was injured in the manner alleged.

    15. On or about November 2, 2006, DEFENDANT OFFICER was on duty at all times relevant to this complaint and was a duly appointed police officer for FOREST PARK. DEFENDANT OFFICER engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of DEFENDANT OFFICER.

**ANSWER:** Defendants admit the allegations contained in the first sentence of Paragraph 15. Defendants admit that Officer Biel was acting in the course and scope of his employment and while on duty, but deny that he engaged in any unconstitutional or otherwise wrongful conduct. Defendant Officer Biel answers this complaint in his individual capacity.

    16. Upon information and belief, OFFICER BIEHL #246, on November 2, 2006, came into physical contact with PLAINTIFF.

**ANSWER:** Defendants admit the allegations of Paragraph 16.

## EQUAL PROTECTION

    17. The actions of DEFENDANT OFFICER, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFF, demonstrate that DEFENDANT OFFICER failed in his duty to enforce the laws equally and fairly towards the PLAINTIFF, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

**ANSWER:** Defendants deny the allegations of Paragraph 17.

18. With regard to an Equal Protection Claim, PLAINTIFF was a "Class of One." In that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational basis. PLAINTIFF was intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to DEFENDANT OFFICER. DEFENDANT OFFICER acted with discriminatory intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by generating false evidence against PLAINTIFF. Further, PLAINTIFF was similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against Police Officers.

**ANSWER:** Defendants deny the allegations of Paragraph 18.

## COUNT I
### §1983 Excessive Force

19. PLAINTIFF re-alleges paragraphs 1 – 18 as though fully set forth herein.

**ANSWER:** Defendants adopt and incorporate by reference their answers to Paragraphs 1-18 above as their answer to Paragraph 19 as though fully set forth herein.

20. The actions, and/or the failure to intervene in the actions, of DEFENDANT OFFICER amounted to an excessive use of force onto PLAINTIFF. This conduct violates the Fourth Amendment of the United States Constitution.

**ANSWER:** Defendants deny the allegations of Paragraph 20.

21. The aforementioned actions of DEFENDANT OFFICER were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER:** Defendants deny the allegations of Paragraph 21.

## COUNT II
### §1983 False Arrest

22. PLAINTIFF re-alleges paragraphs 1 – 18 as though fully set forth herein.

**ANSWER:** Defendants adopt and incorporate by reference their answers to Paragraphs 1-18 above as their answer to Paragraph 22 as though fully set forth herein.

23. The actions of DEFENDANT OFFICER caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. Therefore, the conduct of DEFENDANT OFFICER was in violation of the Fourth Amendment to the United States Constitution.

**ANSWER:** Defendants deny the allegations of Paragraph 23.

24. The aforementioned actions of DEFENDANT OFFICER were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER:** Defendants deny any unconstitutional or otherwise wrongful act or omission at the time and place alleged, deny that any act or omission on Officer Biel's part proximately caused damage to Plaintiff, and deny that Plaintiff was injured in the manner, nature, or to the extent alleged.

**COUNT III**
**Malicious Prosecution – State Claim**

25. PLAINTIFF re-alleges paragraphs 1 – 18 as though fully set forth herein.

**ANSWER:** Defendants adopt and incorporate by reference their answers to Paragraphs 1-18 above as their answer to Paragraph 25 as though fully set forth herein.

26. DEFENDANT OFFICER alleged that PLAINTIFF violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against PLAINTIFF.

**ANSWER:** Defendants admit the allegations of Paragraph 26.

27. DEFENDANT OFFICER engaged in this effort without probable cause.

**ANSWER:** Defendants deny the allegations of Paragraph 27.

28. The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

**ANSWER:** Defendants deny the allegations of Paragraph 28.

29. The underlying criminal charges were resolved in a manner indicative of innocence.

**ANSWER:** Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 29, and therefore deny the same.

30. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

**ANSWER:** Defendants deny any wrongful act or omission at the time and place alleged, deny that any act or omission on their part proximately caused damage to Plaintiff and deny that Plaintiff was injured in the manner, nature or to the extent alleged.

## COUNT IV
### § 1983 Equal Protection – Class of One

31. PLAINTIFF re-alleges paragraphs 1 – 18 as though fully set forth herein.

**ANSWER:** Defendants adopt and incorporate by reference their answers to Paragraphs 1-18 above as their answer to Paragraph 31 as though fully set forth herein.

32. The actions of DEFENDANT OFFICER violated the Equal Protection clause to the United States Constitution.

**ANSWER:** Defendants deny the allegations of Paragraph 32.

33. The aforementioned actions of said OFFICER were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER:** Defendants deny any unconstitutional or otherwise wrongful act or omission at the time and place alleged, deny that any act or omission on their part proximately caused damage to Plaintiff and deny that Plaintiff was injured in the manner, nature, or to the extent alleged.

## COUNT V
### 745 ILCS 10/9-102 Claim Against the VILLAGE OF FOREST PARK

34. PLAINTIFF re-alleges paragraphs 1 – 18 as though fully set forth herein.

**ANSWER:** Defendants adopt and incorporate by reference their answers to Paragraphs 1-18 above as their answer to Paragraph 34 as though fully set forth herein.

35. Defendant FOREST PARK is the employer of DEFENDANT OFFICER alleged above.

**ANSWER:** Defendants admit that at the time of the occurrence alleged in the complaint, Forest Park was the employer of Officer Biel.

36. DEFENDANT OFFICER, as alleged above, committed the acts under color of law and in the scope of employment of FOREST PARK.

**ANSWER:** Defendants admit that Officer Biel was acting under color of law and in the scope of his employment with Forest Park, but deny that the officer committed any unconstitutional or wrongful acts as alleged.

## COUNT VI
### Supplementary Claim for *Respondeat Superior*

37. PLAINTIFF re-alleges paragraphs 1 – 18 as though fully set forth herein.

**ANSWER:** Defendants adopt and incorporate by reference their answers to Paragraphs 1-18 above as their answer to Paragraph 37 as though fully set forth herein.

38. The aforesaid acts of DEFENDANT OFFICER were in the scope of employment and therefore FOREST PARK, as principal, is liable for the actions of its agent under the doctrine of *respondeat superior*.

**ANSWER:** Defendants admit that Defendant Officer was acting within the scope of his employment. Defendants deny the remaining allegations as stating legal conclusions to which no response is required.

WHEREFORE, Defendants Village of Forest Park and Officer Robert Biel deny that Plaintiff is entitled to any of the relief sought in his first amended complaint, and pray that judgment be entered in favor of Defendants and against the Plaintiff, and that Defendants be awarded their costs.

## AFFIRMATIVE DEFENSES

Defendants, in addition to the denials and defenses set forth above, assert the following affirmative defenses to Plaintiff's claims as follows:

### First Affirmative Defense

Officer Biel is entitled to qualified immunity for the allegations set forth against him in Counts I, II, and IV of Plaintiff's complaint because the alleged acts did not violate any of the Plaintiff's clearly established constitutional rights, and/or because a reasonable police officer could have reasonably believed that the actions taken by Officer Biel were, under the facts and circumstances under which he was confronted, reasonable.

### Second Affirmative Defense

Plaintiff's state law claims against Officer Biel are barred by 745 ILCS 10/2-202.

### Third Affirmative Defense

Officer Biel had probable cause to arrest plaintiff, and therefore cannot be held liable for false arrest or malicious prosecution.

### Fourth Affirmative Defense

The use of force utilized by Officer Biel was reasonable and necessary, pursuant to 720 ILCS 5/7-5, which provides that

> "a peace officer, or any person whom he has summoned or directed to assist him, need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. He is justified in the use of any force which he reasonably believes to be necessary to effectuate the arrest..." 720 ILCS 5/7-5(a).

Officer Biel's actions comported with this statute, and he therefore cannot be held liable for using the force that he reasonably believed necessary to effectuate Plaintiff's arrest.

### Fifth Affirmative Defense

The use of force by Officer Biel was reasonable and necessary, pursuant to 720 ILCS 5/7-1, to defend himself against the Plaintiff's use of force. Officer Biel's actions comported with this statute and he therefore cannot be held liable for using the force that he reasonably believed necessary to defend himself.

### Sixth Affirmative Defense

In the event Officer Biel is found not liable under the Plaintiff's state law counts, Plaintiff's state law claims against Forest Park are barred by 745 ILCS 10/2-109, in that local

public entities cannot be held liable for an injury resulting from an act or omission of its employees where the employee himself is not liable.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the doctrine of public official's immunity.

WHEREFORE, Defendants Village of Forest Park and Officer Robert Biel deny that Plaintiff is entitled to any of the relief sought in his first amended complaint, and pray that judgment be entered in favor of Defendants and against the Plaintiff, and that Defendants be awarded their costs.

                    Respectfully submitted,

                    VILLAGE OF FOREST PARK and OFFICER ROBERT BIEL

By:   s/ Gregory E. Rogus
        Gregory E. Rogus

Gregory E. Rogus, Esq. (A.R.D.C. #3128154)
Anastasios T. Foukas, Esq. (A.R.D.C. #6281404)
Segal McCambridge Singer & Mahoney, Ltd.
Sears Tower, Suite 5500
233 S. Wacker Dr.
Chicago, IL 60606
312-645-7800
964827

9